## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TERESA MILLER, f/k/a Teresa Stiles, and** | ) | |
| **WILLIAM G. MILLER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-759-TCK-FHM** |
| | ) | |
| **EDWIN E. WATERMAN,** | ) | |
| **SUCCESS LOGISTICS, INC., and** | ) | |
| **GREAT WEST CASUALTY COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 8).

**I.      Background**

Plaintiffs commenced this action on October 31, 2011, by filing a petition in the District Court of Rogers County, Oklahoma, in case number CJ-2011-695 ("Rogers County action"). Plaintiffs assert claims against Defendants Edwin E. Waterman, Success Logistics, Inc., and Great West Casualty Company ("Defendants") arising out of an automobile accident that occurred on August 25, 2011.   Plaintiffs did not serve Defendants in the Rogers County action.   Success Logistics learned of the Rogers County action when conducting an online search and subsequently filed a motion to dismiss in the Rogers County action based on Plaintiffs' failure to effectuate service within the required time period.   The court in the Rogers County action denied the motion to dismiss, and Success Logistics answered Plaintiffs' Petition on November 13, 2013.[1]

---

[1]  Based on the record before the Court, it appears that Defendants Waterman and Great West Casualty Company still have not been served or otherwise appeared in the action.

On November 21, 2013, Success Logistics filed a Notice of Removal, removing the Rogers County action to this Court (Doc. 2).  Plaintiffs filed a Motion to Remand on December 5, 2013, arguing Success Logistics' notice of removal was untimely.

## II.    Discussion

Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  Relying on section 1446(b)(1), Plaintiff argues Success Logistics had knowledge of the Rogers County action sometime prior to filing its motion to dismiss on September 14, 2013 and, therefore, that the notice of removal would have been due, at most, thirty days from the date of the motion to dismiss.

The thirty-day removal period in section 1446(b)(1) only begins to run once a defendant has been served with a summons.  "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint . . . after . . . service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  The removal period does not begin where plaintiff fails to serve defendant with a summons and defendant obtains a copy of the complaint on his own.  *Id.* (finding a defendant's receipt of a courtesy copy of the complaint insufficient to trigger the thirty-day removal period); *White v. Mylan, Inc.*, No. CIV-12-402-D, 2012 WL 6726593, at *4 (W.D. Okla. Dec. 27, 2012) ("Plaintiffs acknowledge that Mylan was not served with process prior to removal but obtained a copy of the petition on its own.  Accordingly, the 30-day time limit for removal was not triggered.") (internal citations and quotation marks omitted).  Plaintiffs never served Success Logistics with a summons or the complaint in the Rogers County

2

action.  Success Logistics discovered the Rogers County action through an online search and obtained a copy of the complaint on its own.  The voluntary actions by Success Logistics were not sufficient to trigger the thirty-day removal period.  Moreover, the filing of Success Logistics' motion to dismiss also did not begin the removal period.  *See Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, (D.D.C. 2006) (rejecting plaintiff's argument that filing of motion to dismiss for insufficiency of service of process triggered removal period and noting that "accepting plaintiff's argument would effectively write Rule 12(b)(5) out of the Superior Court Rules of Civil Procedure in that under the plaintiff's view, any challenge to service of process would moot the insufficiency of that service).  Accordingly, the Court finds that Defendant Success Logistics timely removed this action in accordance with 28 U.S.C. § 1446(b)(1).

## III.   Conclusion

Plaintiffs' Motion to Remand (Doc. 8) is DENIED.  The parties are ordered to submit a joint status report within fourteen days from the date of this opinion and order.

**IT IS SO ORDERED this 24th day of April, 2014.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**